UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DENNIS JAMES MOORE, JR., | Civil No. 10-3843 (JRT/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 2004, Petitioner pled guilty to first degree assault in a criminal case brought against him in the state district court for Hennepin County, Minnesota. He was sentenced to 135 months in prison.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal claiming that the (a) the trial court judge erroneously denied his motion to withdraw his guilty plea, and (b) the sentence imposed by the trial court judge was based on factual determinations that should have been made by a jury. The Minnesota Court of Appeals rejected Petitioner's challenge to his guilty plea, and affirmed his conviction, but Petitioner's sentencing challenge was upheld, and his case was remanded for re-sentencing. State v. Moore, No. A04-621 (Minn.App. 2005), 2005 WL 1153265 (unpublished opinion), rev. denied, July 19, 2005.

On November 2, 2005, Petitioner was re-sentenced to 115 months in prison. (Petitioner's Second Memorandum, [Docket No. 8], p. 2.[2]) On July 20, 2007, Petitioner filed a motion in the trial court, requesting an extension of the deadline for filing a state post-conviction motion. (Id.) That motion was granted on August 3, 2007. (Id.) Petitioner filed a post-conviction motion in the trial court on April 24, 2008, and that motion was denied on July 8, 2008. (Id.) Petitioner appealed the trial court's ruling on his post-conviction motion, but the Minnesota Court of Appeals affirmed that ruling on July 9, 2009. (Id.) Petitioner's subsequent request for further review was denied by the Minnesota Supreme Court on

---

[2] The Court previously reviewed Petitioner's current habeas corpus petition, shortly after it was filed. At that time, the Court noted that given the vintage of Petitioner's conviction, it appeared he had not filed his petition within the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1). Therefore, the Court ordered Petitioner to show cause why his current petition should not be summarily dismissed due to untimeliness. (See Order dated September 23, 2010; [Docket No. 7].) In response to that order, Petitioner filed a second memorandum in support of his petition, which supplemented his initial memorandum, (Docket No. 2). That second memorandum provides much of the chronological history of this case. The length of the sentence that Petitioner received at his re-sentencing – 115 months – is stated in the original petition. (Docket No. 1, at p. 1, § 3.)

September 29, 2009. (Id.) According to Petitioner, a "Finalized Judgment" was entered on the appellate court docket sheet on October 14, 2009. (Id.)

Petitioner's current habeas corpus petition was received and docketed by the Clerk of Court on September 3, 2010. However, the Eighth Circuit Court of Appeals has held that a prisoner habeas corpus petition is deemed to have been filed on the date when it is delivered to prison officials for mailing. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). In this case, the petition was signed on August 31, 2010, so Petitioner obviously did not deliver the petition for mailing before that date. For present purposes, the Court will assume, for Petitioner's benefit, that he delivered his petition for mailing on the same date that he signed it, namely on August 31, 2010, and that will be deemed to be the filing date for this action.[3]

Petitioner has raised three grounds for relief in his habeas corpus petition. He contends that (1) he was denied effective assistance of counsel at trial, because his attorney did not adequately investigate the case, (2) he was denied effective assistance of counsel on appeal, because his appellate counsel refused to raise a claim of ineffective assistance of trial counsel, and (3) he was denied effective assistance of counsel at trial, because of "cumulative instances of poor representation." (Petition, pp. (5)-(6), § 12.)

---

[3] The petition indicates that Petitioner was confined at the Minnesota Correctional Facility in Moose Lake, Minnesota, when he completed his petition on August 31, 2010. However, a website maintained by the Minnesota Department of Corrections, (www.corr.state.mn.us), indicates that Petitioner was released from prison, and has been on "Intensive Supervised Release" since August 5, 2010. Although Petitioner's true custody status at the outset of this case is unclear, the Court finds, for now, that he was "in custody" for purposes of 28 U.S.C. § 2254(a) when he filed his petition. See Jones v. Cunningham, 371 U.S. 236 (1963) (a person who has been released from prison, but remains subject to the restrictions of parole, or some other form of supervised release, is considered to be "in custody" for federal habeas corpus purposes).

3

However, the Court finds that none of Petitioner's current habeas corpus claims can be decided on the merits, because this action is barred by the one-year statute of limitations prescribed by federal law. The Court will therefore recommend that this action be summarily dismissed.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition. Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's <u>conviction</u> was upheld by the Minnesota Supreme Court on direct appeal on July 19, 2005. However, Petitioner's <u>sentence</u> was set aside by the Minnesota Court of Appeals, and Petitioner was not re-sentenced until November 2, 2005. Petitioner's current habeas corpus petition does not challenge his re-sentencing, but rather, all three of his claims are based on errors that his attorneys allegedly committed during the original trial court proceedings, and on direct appeal. Because Petitioner is not presently challenging his re-sentencing, it appears that his judgment of conviction became "final," for purposes of § 2244(d)(1)(A), upon the completion of the direct appeal – not when he was re-sentenced. See <u>Vallez v. Hartley</u>, 305 Fed.Appx. 505, 508, (10th Cir. 2008) (unpublished opinion) ("[w]e are aware of no authority suggesting that resentencing can restart the limitations period when the prisoner seeks to bring only claims challenging his original conviction"); <u>Bachman v. Bagley</u>, 487 F.3d 979, 983 (6th Cir. 2007) (the "rule that the date of a 'judgment' under § 2244(d)(1)(A) is the date of a subsequent sentencing proceeding

5

applies only to habeas petitions challenging the resentencing decision itself").

For purposes of § 2244(d)(1)(A), a judgment of conviction does not become final on direct review until the expiration of the deadline for seeking certiorari review in the United States Supreme Court. See Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), it appears that Petitioner's judgment of conviction did not become "final," and the one-year federal habeas statute of limitations did not begin to run, any earlier than October 17, 2005 – 90 days after the Minnesota Supreme Court upheld Petitioner's conviction on direct appeal on July 19, 2005.

However, the Court will assume, for present purposes only, that Petitioner's conviction and sentence did not become final until his re-sentencing was complete.[4] Petitioner was re-sentenced on November 2, 2005, and he did not seek direct appellate review of his new sentence. Thus, the Court finds that Petitioner's conviction and sentence became final upon the expiration of the deadline for seeking direct review of his re-

---

[4] There is at least some federal case law suggesting that when a criminal defendant is re-sentenced following a direct appeal, his judgment of conviction does not become final, for purposes of § 2244(d)(1)(A), until the re-sentencing is completed. See Walker v. Crosby 341 F.3d 1240, 1246 (11th Cir. 2003) ("under § 2244(d)(1)(A) the statute of limitations for a habeas application challenging a resentencing court's judgment begins to run on the date the resentencing judgment became final and not the date the original judgment became final"). The Court doubts whether this rule is applicable in a case, such as this one, in which the defendant's later habeas corpus petition does not raise any challenges to the re-sentencing procedure. Nevertheless, the Court will presently assume, for Petitioner's benefit, that his judgment of conviction did not become final, and the federal statute of limitations did not begin to run, until the completion of his re-sentencing.

6

sentencing. 28 U.S.C. § 2244(d)(1)(A). Under the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). This means that the deadline for seeking direct appellate review after Petitioner's re-sentencing was January 31, 2006 – 90 days after the re-sentencing occurred.

Thus, assuming that Petitioner's conviction and sentence did not become final until his re-sentencing was completed, the federal habeas statute of limitations began to run in this case on January 31, 2006, and the deadline for filing a habeas petition expired one year later – January 31, 2007. However, Petitioner did not file his current petition, until August 31, 2010, which was more than three years after the limitations period had expired. The current petition is therefore time-barred, unless the statute of limitations was somehow tolled.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because <u>the statute of limitations had already expired before he filed his post-conviction motion in the trial court</u>. The statute of limitations expired no later than January 31, 2007, and Petitioner did not file his state post-conviction motion until April 24, 2008, which was more than a full year after the federal habeas limitations period had already expired. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct

7

review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, Petitioner's post-conviction motion could not have tolled the statute of limitations, because the limitations period had already expired long before that motion was filed. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, on January 31, 2007, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion on April 24, 2008.[5]

---

[5] The Court recognizes that Petitioner asked for additional time to file a post-conviction motion, and his request purportedly was granted. However, the Court is not aware of any legal authority suggesting that the federal statute of limitations can be tolled merely by asking for additional time to file a state post-conviction motion, even if that

8

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000))

---

request is granted. Section 2244(d)(2) plainly indicates that the statute of limitations is tolled while state post conviction proceedings are actually pending, and there were no post-conviction proceedings pending in this case until April 24, 2008.

Furthermore, Petitioner did not file his request for additional time to file his post-conviction motion until July 20, 2007, which was nearly six months after the federal statute of limitations had expired. Therefore, even if the statute of limitations was tolled upon the filing of Petitioner's request for additional time to file his post-conviction motion, he still would not have a viable tolling argument, because the statute of limitations expired before Petitioner even filed his request for additional time.

9

(emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on January 31, 2007, (at the latest). However, Petitioner did not file his current petition until August 31, 2010. Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal limitations period expired. However, there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not file his post-conviction motion in the trial court until long after the federal statute of limitations had already expired. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.

Having determined that this action must be summarily dismissed due to untimeliness, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 3), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

**V. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: October 20 , 2010

               s/ *Franklin L. Noel*
               FRANKLIN L. NOEL
               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 3, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.