## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DENNIS JAMES MOORE, JR., | Civil No. 10-3843 (JRT/FLN) |
| Petitioner, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| JOAN FABIAN, *Commissioner of Corrections*, | |
| Respondent. | |

Dennis James Moore, Jr., 3557 Pennsylvania Avenue North, Minneapolis, MN 55411, *pro se*.

David C. Brown, Assistant Hennepin County Attorney, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, Hennepin County Government Center, Suite A-2000, 300 South Sixth Street, Minneapolis, MN 55487; Matthew Frank, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for respondent.

In 2004, petitioner Dennis James Moore, Jr. pled guilty to first degree assault in a state court proceeding, and was sentenced to 135 months, which was reduced to 115 months on remand from the Minnesota Court of Appeals. *State v. Moore*, No. A04-621, 2005 WL 1153265 (Minn. Ct. App. May 17, 2005). In a Report and Recommendation dated October 20, 2010, United States Magistrate Judge Franklin L. Noel recommended denial of Moore's petition for habeas corpus relief under 28 U.S.C. § 2254 and his application for leave to proceed *in forma pauperis*, and dismissal of the action, concluding that Moore's petition was barred by the one year statute of limitations

prescribed by federal law. (Docket No. 9.) Before the Court is Moore's timely objection to the Report and Recommendation (Docket No. 10), which the Court reviews *de novo*. 28 U.S.C. § 636(b)(1)(C); D. Minn. Local R. 72.2(b).

Under federal law, state prisoners seeking federal court review of a conviction or sentence are subject to a one year statute of limitations period, beginning on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).[1] Even adopting the Magistrate Judge's generous construction of January 31, 2006 as the date on which the statute of limitations began to run on Moore's habeas petition, Moore did not file his current petition until August 31, 2010, more than three years after the limitations period had expired.

The habeas statute of limitations is tolled in "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.* § 2244(d)(2). Moore, however, did not file his state post-conviction motion until April 24, 2008, more than a full year after January 31, 2007, the date on which his federal habeas limitations period expired.[2]

---

[1] The statute provides for several other dates on which the statute of limitations period may commence, none of which are relevant to the current petition.

[2] Moore asserts that the Court should construe his state post-conviction petition as filed on July 20, 2007, when he submitted a request for additional time to file a post-conviction motion which was subsequently granted. Using this date, however, does not alter the Court's conclusion as it is also beyond the federal one year limitations period.

Moore's objection is based on his argument that Minnesota law provides for a two year statute of limitations period in which a state prisoner can move for post-conviction relief. Minn. Stat. § 590.01, subd. 4. Even assuming that Moore complied with this statute, under Eighth Circuit precedent, "[i]t does not matter that [petitioner's] . . . post conviction relief application was timely filed under . . . state law. **The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired**." *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) (emphasis added) (citation omitted). Moore's state post-conviction motion did not therefore toll the statute of limitations applicable to his federal habeas petition. Accordingly, Moore's petition is time-barred, and the Court will deny his application for leave to proceed *in forma pauperis*.³  *See Kruger v. Erickson*, 77 F.3d 1071, 1074, n.3 (8th Cir. 1996) (*in forma pauperis* application should be denied where habeas petition is frivolous).

A § 2254 habeas petitioner may only appeal the denial of his petition if he is granted a Certificate of Appealability by making a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To be entitled to a Certificate of Appealability, the petitioner must show that the issues are "debatable among reasonable

---

³ In addition, although not addressed in the Report and Recommendation, it appears to the Court that this petition is an unauthorized second, or successive, habeas petition, prohibited under 28 U.S.C. § 2244(b). *See Ward v. Norris*, 577 F.3d 925, 932-33 (8th Cir. 2009) (discussing § 2244's prohibition against second or successive habeas petitions that do not rely on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence); *see also Moore v. Fabian,* No. 09-2060, 2010 WL 4272467 (D. Minn. Oct. 18, 2010). A failure to comply with § 2244(b)'s requirement that a prisoner filing a successive petition must first receive permission from the applicable appellate circuit deprives the Court of jurisdiction and is an alternative reason why the Court cannot address the merits of Moore's petition. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007).

jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that Moore has not shown that reasonable jurists would find the issues raised in Moore's habeas petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

### ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objection to the Report and Recommendation [Docket No. 10], and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated October 20, 2010 [Docket No. 9]. **IT IS HEREBY ORDERED** that:

1. Petitioner's application for a writ of habeas corpus [Docket No. 1] is **DENIED**.

2. Petitioner's application for leave to proceed *in forma pauperis* [Docket No. 3] is **DENIED**.

3. This action is **DISMISSED WITH PREJUDICE**.

4. For the purposes of appeal, the Court does not grant a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 12, 2011                    ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                    United States District Judge